Matthew M. Levy, J„
The committee was appointed August 20, 1951. The incompetent died October 13, 1956. Upon notice to the Department of Law of -the City of New York,* with the consent of the surety, and without opposition by the Attomey-Ceneral of the State of New York,** the committee now seeks, by ex parte application, to be discharged from his committee-ship and to have his surety discharged. As to funds, the committee -states that he has “at no time received any monies for and in behalf of the above named deceased, incompetent.” As to interested parties, the committee states that “ [s]o far as your deponent knows, there are no known kin of the above named decedent in the State of New York.” Whether there are any other parties -in interest who may be entitled to notice is not indicated.
Where the incompetent dies, an account must be filed by the committee, and the settlement thereof is normally brought on as a contested motion at Special Term, Part I, by order to show cause directing prescribed notice to all interested parties (Civ. Prac. Act, § 1383). Assuming that an informal account by affidavit only, brought on for judicial settlement not by order to show cause or notice of motion, hut rather at Special Term, Part II, as an ex parte application, with the consent of all interested parties (Rules of the Supreme Court, New York County, Special Term, rule V), will suffice to satisfy the requirements of this section (cf. Surrogate’s Ct. Act, § 251; Matter of Kahn, 144 N. Y. S. 2d 253, 254-255, affd. 2 A D 2d 893), that does not dispose of the present application — and not *901 only because it is not clear whether all the interested parties wherever they are have been given due notice thereof and consented thereto.
In Ms affidavit, the committee asks that his statement that he received no funds be accepted by the court as his final account. An examination of the filed papers discloses, however, that, at the time of the appointment of the committee by the court, the incompetent was stated to be entitled to £452, being the estate of a deceased sister who apparently had been a resident abroad. Nowhere in the papers before me is there any statement or explanation as to what became of this probable asset, or what efforts were made to reduce it to possession. The committee has therefore not apprised the court, as I tMnk he should, of all matters of relevance in respect of the conduct of Ms responsibility as committee of the property of the incompetent.
Subdivision 2 of section 1381 of the Civil Practice Act provides, among other things, that the account filed by the committee of an incompetent person shall “ contain a just, true and proper statement of all the acts of the committtee, and an itemized statement of the receipts and disbursements of any and all moneys and properties that have come into hand ”. As I read the statute, a summary statement by the committee that “ I have received nothing and I have expended nothing ”, may, in the circumstances disclosed in this record, satisfy the second reqMrement, but not the first.
“ A legal representative may be held liable in some cases for assets not actually received by him. Thus if through his neglect to take property into his possession it is lost to the estate, the legal representative may be surcharged with its value. Debts may be owing to the decedent [here, the incompetent] which could have been collected by the legal representative if he had acted promptly. In such an event, if through Ms negligence the debts are thereafter not collectible, he may likewise be held liable for them ” (4 Warren’s Heaton, Surrogates’ Courts [6th ed.], § 338; see O’Conner v. Gifford, 117 N. Y. 275; Matter of Rosenthal, 269 App. Div. 139, 144). In consequence, the committee should have recited in his affidavit of account all of Ms ‘ ‘ acts ’ ’ in respect of the estate in his charge, including his efforts, if any, to collect for his estate the moneys due the incompetent from abroad. It must be obvious, of course, that the fact that the surety nevertheless consents that the committee’s responsibilities and that its own liability be discharged is of no persuasive force.
*902 This application is therefore denied. This disposition is without prejudice to due renewal upon proper papers fully presenting all the pertinent facts.

 The need or reason for such notice does not appear. The City of Mew York has not consented to or opposed this application.

 Indeed, it is the Attorney-General, as attorney for the Brooklyn State Hospital, who presents this application to the court for the allowance of the eonunittee’s informal account and for, an order that the committee and the surety be discharged.